**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tonia D. Williams; Marion B. Smalls; T.W., by his Guardians ad Litem, Tonia D. Williams and Charles Williams; and S.S., by her Guardian ad Litem, Rita Shaw, Appellants,

v.

Geico Casualty Company, Geico Indemnity Company, Government Employees Insurance Company, Geico General Insurance Company, Respondents.

Appellate Case No. 2013-002645

―――――――――――――

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2016-UP-122
Submitted February 1, 2016 – Filed March 2, 2016

―――――――――――――

**AFFIRMED**

―――――――――――――

R. Thayer Rivers, Jr., of R. Thayer Rivers, Jr. Law Office, of Ridgeland; Clifford Bush, III, of The Law Offices of Clifford Bush, III, LLC, of Beaufort; and Harry Clayton Brown, Sr., of Ridgeland, for Appellants.

Ernest Mitchell Griffith and Kelly Dennis Dean, both of Griffith, Sharp & Liipfert, LLC, of Beaufort, for Respondents.

———————

**PER CURIAM:**  Appellants appeal the circuit court's grant of summary judgment in favor of GEICO.  Appellants argue (1) there was an enforceable contract between the parties of the non-spoliation request, and (2) South Carolina precedent does not preclude a cause of action for deliberate and intentional spoliation of evidence.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether there was an enforceable contract between the parties of the non-spoliation request:  *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *In re McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) ("A bald assertion, without supporting argument, does not preserve an issue for appeal.").

2.  As to whether South Carolina precedent precludes a cause of action for deliberate and intentional spoliation of evidence:  *B & A Dev., Inc. v. Georgetown Cty.*, 372 S.C. 261, 271, 641 S.E.2d 888, 894 (2007) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**

———————

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.